UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMAHAL LYNCH,

                                    Plaintiff,

                                                              9:14-CV-0995
            v.                                                (GLS/RFT)

VERNON J. FONDA et al.,

                                    Defendants.
_____

APPEARANCES:

AMAHAL LYNCH
12-A-1925
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

GARY L. SHARPE
Chief United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

        Plaintiff pro se Amahal Lynch commenced this action by filing a civil rights complaint

together with an application for leave to proceed in forma pauperis.  Dkt. No. 1 ("Compl.");

Dkt. No. 2 ("IFP Application").  By Decision and Order filed November 17, 2014, plaintiff's IFP

Application was granted, but following review of the complaint in accordance with 28 U.S.C.

§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that the complaint was subject to

dismissal for failure to state a claim upon which relief may be granted.  Dkt. No. 4 (the

"November 2014 Order").  In light of his pro se status, plaintiff was afforded an opportunity to

submit an amended complaint.  *Id*.  Instead of submitting an amended complaint, plaintiff

submitted a letter containing only a one and one-half page long quotation from an unknown source discussing the "complex problem of Corrections."  Dkt. No. 5.  In light of his pro se status, the Court provided plaintiff with one final opportunity to comply with the November 2014 Order by submitting an amended complaint.

Presently before this Court is plaintiff's amended complaint.  Dkt. No. 10 ("Am. Compl.").  Plaintiff also requests an extension of time to have his amended complaint notarized.  Dkt. No. 11.

## II.    DISCUSSION

### A.    Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the November 2014 Order and it will not be restated in this Decision and Order.  *See* November 2014 Order at 2-4.

### B.    Review of the Amended Complaint

Plaintiff's amended complaint asserts claims arising out of his confinement at Clinton Correctional Facility ("Clinton C.F.").  The following facts are set forth as alleged by plaintiff in his amended complaint.  On January 22, 2014, plaintiff was physically assaulted by unidentified corrections officers at Clinton C.F., who also "threatened to torture and kill" plaintiff.[1]  Am. Compl. at 1.  Defendants Racette and Brown "knew of the attack and death threats, yet did nothing to intervene and protect" plaintiff.  *Id*.  As of February 8, 2014, when plaintiff submitted the amended complaint, "this treatment [was] going for days on end."  *Id*.

---

[1]  Plaintiff does not allege that defendants Racette or Brown participated in the alleged assault, nor does he include John or Jane Doe defendants in the caption of his amended complaint.

As a result of his "beating," plaintiff had blurred vision and trouble opening and closing his mouth. *Id.* Construed liberally, plaintiff's amended complaint alleges that defendants Racette and Brown failed to protect him from known danger in violation of his Eighth Amendment rights. For a more complete statement of plaintiff's claims, refer to the amended complaint.

### 1. Defendants Named in the Amended Complaint

Plaintiff no longer names Vernon J. Fonda or Anthony J. Annucci as defendants in his amended complaint, nor has he included any allegations of wrongdoing against them. Indeed, the caption of the amended complaint clearly indicates that the sole defendants are Steven Racette and Steve Brown. Am. Compl. at 1. Therefore, Vernon J. Fonda and Anthony J. Annucci are dismissed from this action without prejudice. The Clerk will be directed to edit the docket to add the newly named defendants, Steven Racette, Superintendent, Clinton Correctional Facility, and Steve Brown, Deputy Superintendent for Security, Clinton Correctional Facility.

### 2. Eleventh Amendment Immunity

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S.

89, 100 (1984).  Eleventh Amendment immunity is lost only if Congress unequivocally

abrogates states' immunity or a state expressly consents to suit.  *Gollomp v. Spitzer*, 568

F.3d 355, 365-66 (2d Cir. 2009).  It is well-settled that Congress did not abrogate states'

immunity through Section 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that

New York State has not waived its immunity from suit on the claims asserted in plaintiff's

amended complaint.  *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d

35, 38-40 (2d Cir. 1977); *Dawkins v. New York*, No. 93-CV-1298, 1996 WL 156764, at *2

(N.D.N.Y. Mar. 28, 1996).  Actions for damages against a state official in his or her official

capacity are essentially actions against the state.  *See Will v. Mich. Dep't. of State Police*,

491 U.S. 58, 71 (1989).[2]

Thus, insofar as plaintiff seeks an award of money damages pursuant to Section 1983

against the defendants in their official capacities, *see* Am. Compl. at 1, those claims are

dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)

because they are barred by the Eleventh Amendment.

### 3.  Eighth Amendment Failure to Protect

Under the Eighth Amendment prison officials are required to take reasonable

measures to guarantee the safety of inmates and to protect them from known harm.  *Farmer

v. Brennan*, 511 U.S. 825, 832-33 (1994).  In *Farmer*, the Supreme Court set out the

---

[2] In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution.  Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *see also Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 32 (2d Cir. 1991) (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities).

two-pronged test that determines when a failure to protect a prison inmate from assault by other inmates rises to the level of a constitutional violation.  First, the prisoner must have been "incarcerated under conditions posing a substantial risk of serious harm." *Id*. at 834. Second, the prison official must have shown "deliberate indifference" to the prisoner's safety. *Id*.  Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Mindful of the requirement to liberally construe pro se pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the amended complaint alleges enough to warrant a response to the Eighth Amendment failure to protect claims by defendants Racette and Brown.  In so ruling, the Court expresses no opinion as to whether plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment.

### 4. Failure to Sign the Amended Complaint

Rule 11(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") states in relevant part that "[e]very pleading . . . must be signed . . . by a party personally if the party is unrepresented. . . .  The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."  Fed. R. Civ. P. 11(a).  Rule 10.1(c)(2) of the Local Rules of Practice for the Northern District of New York also requires that all documents submitted to the Court must include the original signature of the attorney or the pro se litigant.  N.D.N.Y. L.R. 10.1(a)(2).  Plaintiff's amended complaint is unsigned. *See* Am. Compl. at 1.  Plaintiff will, however, be allowed to correct the omission of his

signature.  Thus, for this case to proceed, plaintiff must, within thirty (30) days from the filing date of this Decision and Order execute and submit to the Clerk of the Court for filing the Certificate form attached to this Decision and Order, certifying that plaintiff's signature on the Certificate shall serve as an original signature on his amended complaint (Dkt. No. 10) for the purposes of Rule 11(a) of the Federal Rules of Civil Procedure and Rule 10(c)(2) of the Local Rules of  Practice for the Northern District of New York.  The Clerk will be directed to send plaintiff a courtesy copy of his amended complaint, which he may retain for his records.

Because plaintiff has been granted a period of thirty days to submit a Certificate intended to correct the omission of his signature on the amended complaint, plaintiff's request for an extension of time to have his amended complaint notarized (Dkt. No. 11) is denied as unnecessary.

## III.    CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Vernon J. Fonda and Anthony J. Annucci are **DISMISSED without prejudice** as defendants; and it is further

**ORDERED** that the Clerk revise the docket to add Steven Racette, Superintendent, Clinton Correctional Facility, and Steve Brown, Deputy Superintendent for Security, Clinton Correctional Facility, as defendants to this action; and it is further

**ORDERED** that plaintiff's claims for monetary damages pursuant to Section 1983 against the defendants Racette and Brown in their official capacities are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by

Eleventh Amendment immunity[3]; and it is further

ORDERED that plaintiff's Eighth Amendment failure to protect claims against

defendants Racette and Brown survive sua sponte review and require a response; and it is

further

ORDERED that plaintiff is directed to execute the attached Certificate and submit it to

the Clerk of the Court **within thirty (30) days** of the filing date of this Decision and Order.  By

signing the attached Certificate, plaintiff certifies that his signature on that Certificate shall

serve as an original signature on his amended complaint (Dkt. No. 10) for the purposes of

Rule 11 of the Federal Rules of Civil Procedure and Rule 10(c)(2) of the Local Rules of

Practice for the Northern District of New York; and it is further

ORDERED that, if plaintiff fails to execute and submit to the Clerk of the Court the

attached Certificate within thirty (30) days, the Clerk shall send this file to the Court for further

review; and it is further

ORDERED that if, within the time allowed, plaintiff executes and submits to the Clerk

of the Court the attached Certificate, the Clerk is directed to (1) file the Certificate; (2) attach

a copy of the executed Certificate as a supplemental submission to the amended complaint

(Dkt. No. 10); (3) issue summonses and forward them, along with copies of the amended

complaint (including the supplemental submission), to the United States Marshal for service

upon defendants Racette and Brown; and (4) forward a copy of the summons and amended

---

[3] Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Pucci v. Brown*, 423 Fed. App'x 77, 78 (2d Cir. 2011).  Because plaintiff's official capacity claims are barred by the Eleventh Amendment, leave to amend is denied as futile.

complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that defendants Racette and Brown, or their counsel, file a response to the amended complaint as provided for in Rule 12 of the Federal Rules of Civil Procedure after service of process; and it is further

**ORDERED** that plaintiff's request for an extension of time to have his amended complaint notarized (Dkt. No. 11) is **DENIED** as unnecessary; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court.  **<u>Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action</u>**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff together with a copy of the amended complaint.

**IT IS SO ORDERED.**

May 15, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────

AMAHAL LYNCH,

                                    Plaintiff,

        v.                                                              9:14-CV-0995
                                                                        (GLS/RFT)

VERNON J. FONDA et al.,

                                    Defendants.

───────────────────────────────────────────

**CERTIFICATE**

I, Amahal Lynch, hereby certify:

        The Clerk of the Court has provided a courtesy copy of my pro se amended complaint
(Dkt. No. 10) filed with the Court on February 11, 2015.  I certify that my signature on this
document shall serve as an original signature on the above-referenced amended complaint
for the purposes of Rule 11(a) of the Federal Rules of Civil Procedure and Rule 10.1(c)(2) of
the Local Rules of Practice for the Northern District of New York.  By executing this
Certificate I hereby represent to the Court all of the representations delineated in Rule 11(b)
of the Federal Rules of Civil Procedure with respect to the aforesaid amended complaint.

Executed on this        day of                  , 2015.

                                                    _____
                                                    (Signature of Plaintiff)
                                                    Amahal Lynch

9