**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

AMAHAL LYNCH,

                                        Plaintiff,

                - v -                                                    Civ. No. 9:14-CV-0995
                                                                              (GLS/DJS)

CAPT. STEVEN RACETTE and STEVE BROWN,

                                        Defendants.

**APPEARANCES:**                                        **OF COUNSEL:**

AMAHAL LYNCH
Plaintiff, *Pro Se*
12-A-1925
Clinton Correctional Facility - Annex
P.O. Box 2002
Dannemora, NY 12929

HON. ERIC T. SCHNEIDERMAN                     DENISE P. BUCKLEY, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Amahal Lynch commenced this civil rights action on August 11, 2014. Dkt.

No. 1, Compl. By the Amended Complaint, filed on February 11, 2015, Plaintiff asserts an Eighth

Amendment failure-to-protect claim against Defendants Steven Racette and Steve Brown. Dkt. No.

10, Am. Compl. Presently before the Court is Defendants' Motion for Summary Judgment pursuant

to FED. R. CIV. P. 56. Plaintiff has filed a Response and Defendants have filed a Reply. Dkt. Nos.

35, Pl.'s Resp., & 36, Defs.' Reply. For the reasons that follow, it is recommended that Defendants'

Motion be **granted** and this case be **dismissed**.

## I. BACKGROUND[1]

Plaintiff was transferred to Clinton Correctional Facility on June 23, 2014. Dkt. No. 33-2, Defs.' Rule 7.1 Statement of Material Facts ("Defs.' SMF") at ¶ 2. Within a few months of being transferred to Clinton, an unidentified corrections officer began to harass Plaintiff when he learned what Plaintiff was incarcerated for. *Id.* at ¶ 3. According to Plaintiff, the officer would come to his cell during the night and refer to Plaintiff as a "child molester" and "rapo." Dkt. No. 33-8, Decl. of Denise P. Buckley, dated Sept. 23, 2016, Ex. A, Dep. of Amahal Lynch, dated July 6, 2016 ("Pl.'s Dep."), at pp. 26 & 33-34. Plaintiff states that the corrections officer attempted to "instill fear" in him and, on one occasion, threatened to kill him. *Id.* at pp. 30-31. Plaintiff never learned the name of the corrections officer, and is unable to describe him other than that he was caucasian, about Plaintiff's height, and had a five o'clock shadow. *Id.* at pp. 23-24.

On January 22, 2015, at approximately 11:00 a.m., Plaintiff was at a vocational training class when he was called out and told to report to his block. Defs.' SMF at ¶ 6. When he arrived at the block, there were approximately four-to-six corrections officers in the officers' bubble, and the unidentified corrections officer who had been harassing him was standing outside the bubble while holding a grievance that Plaintiff had filed against him, which complained of the harassment. Pl.'s

---

[1] Under Local Rule 7.1(a)(3), on a motion for summary judgment a non-movant must respond to the movant's statement of material facts "by admitting and/or denying each of the movant's assertions in matching numbered paragraphs" and "set forth a specific citation to the record where the factual issue arises." N.D.N.Y.L.R. 7.1(a)(3). Plaintiff has not filed a response to Defendants' Statement of Material Facts consistent with Local Rule 7.1(a)(3). *See* Dkt. No. 35. The Court will cite to the facts as set forth in Defendants' Statement of Material Facts when properly supported by the record. *See GlobalRock Networks, Inc. v. MCI Commc'ns Servs., Inc.*, 943 F. Supp. 2d 320, 329 (N.D.N.Y. 2013) ("Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions.") (citing *Giannullo v. City of New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003)).

Dep. at pp. 39 & 42-43. That officer then handed Plaintiff the grievance, asked Plaintiff, "What's this?", and told him not to lie. *Id.* at p. 45. The officer then began to assault Plaintiff, punching him in his head, mouth, and body. *Id.* at pp. 45-51. As the officer was assaulting him, two other officers held Plaintiff's arms so that he could not avoid the punches or defend himself. *Id.* at pp. 47-49. Plaintiff estimates that the assault lasted five minutes. Defs.' SMF at ¶ 9.

After the assault, Plaintiff states that he experienced pain and swelling in his head and mouth, but no bruising. Pl.'s Dep. at pp. 55-56. He asked the officer who assaulted him if he could go to sick call, but the officer denied his request. *Id.* at p. 62. After about three-to-four days, Plaintiff states that he no longer experienced pain. *Id.* at p. 67. Other than the request he made to the assaulting officer, he did not make any other attempt to go to sick call. *Id.* at pp. 64-65.

Plaintiff brings this action against Defendant Steven Racette, who was Superintendent at Clinton at the time of the assault, and Defendant Stephen Brown, who was Deputy Superintendent of Security. Defs.' SMF at ¶¶ 72 & 77. Plaintiff testified that before the assault occurred he wrote to the Defendants on more than two occasions about the harassment he was receiving. Pl.'s Dep. at pp. 77-78 & 83. But he never received any response to those letters. *Id.* at pp. 78 & 84. Plaintiff admits that he never made any oral complaint to either of the two Defendants. *Id.* at pp. 77 & 84 Plaintiff asserts that the Defendants were aware of the threats against him and allowed him to be assaulted. *Id.* at pp. 76 & 84-85.

The records of the Clinton Superintendent's office contain a letter from Plaintiff, dated January 21, 2015, addressed to the Office of Special Investigations ("OSI"). Dkt. No. 33-25, Decl.

of Steven Racette, dated Sept. 23, 2016, Ex. A, at pp. 15-16.[2]  In the letter, Plaintiff states

> I'm requesting to be seen.  C.O.'s personal feelings of hatred and disgust towards me
> is turning very ugly.  An officer working the night shift is insighting [sic] everybody
> against me, that they should kill me.  This has been going on for quite some time, but
> not to this extent.  I've done my best to ignore it.  But I'm in hot water whether I act
> or not.  The C.O.'s (whose face I know, but names I don't) discuss my charges with
> almost everyone.  They've threaten [sic] with beatings and death.  Nevertheless, I
> can't turn back now.  Because my days seems [sic] to be numbered.

*Id.*

The OSI received the letter on January 28, 2015, Dkt. No. 33-20, Decl. of Mark Miller, dated Sept.

22, 2016, Ex. C at p. 2,[3] which was forwarded to the Clinton Superintendent's office on February

6, 2015, with a note asking the Superintendent to take "whatever action you deem appropriate,"

Racette Decl., Ex. A at p. 14.  The records indicate that the matter was referred to Defendant Brown,

who, on February 10, 2015, further referred the matter to Sergeant Grimshaw to investigate and

report back by February 19, 2015.  Racette Decl., Ex. A at p. 13.  The Superintendent's file does not

contain the outcome of Sergeant Grimshaw's investigation.  Racette Decl. at ¶ 11.

## II.  STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The moving party bears the burden to demonstrate through "pleadings, depositions, answers to

interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine

issue of material fact.  *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp.

v. Catrett*, 477 U.S. 317, 323 (1986)).  "When a party has moved for summary judgment on the basis

---

[2] Citations are to the pagination assigned by the Court's Case Management Electronic Case Files ("CM/ECF")
System.

[3] Citations are to the pagination assigned by the Court's Case Management Electronic Case Files ("CM/ECF")
System.

of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs.,*

*Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

A prison inmate has a constitutional right under the Eighth and Fourteenth Amendments to be free from the "unnecessary and wanton infliction of pain." *Hendricks v. Coughlin*, 942 F.2d 109, 112 (2d Cir.1991) (citation omitted). "The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)); *Heisler v. Kralik*, 981 F. Supp. 830, 837 (S.D.N.Y. 1997) ("Prison officials have a constitutional duty to act reasonably to ensure a safe environment for a prisoner when they are aware that there is a significant risk of serious injury to that prisoner.").

In order to state such a claim, the prisoner must demonstrate that the prison officials "acted with deliberate indifference with respect to his safety or with an intent to cause harm to him." *Hendricks v. Coughlin*, 942 F.2d at 113. A showing of mere negligence on behalf of the defendants is not enough to state a constitutional claim. *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (cited in *Hendricks v. Coughlin*, 942 F.2d at 113). The key element of a failure to protect claim is the

existence or potential existence of a substantial risk of serious harm and not the actual harm which

may or may not ensue. *Farmer v. Brennan*, 511 U.S. at 836. To prove deliberate indifference, the

plaintiff must show that the "official [knew] of and disregard[ed] an excessive risk to inmate health

or safety." *Id*. at 837 (cited in *Ramirez v. Mantello*, 1998 WL 146246, at \*2 (N.D.N.Y. Mar. 24,

1998)). "[T]he official must both be aware of facts from which the inference could be drawn that

a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* (emphasis added).

In this case, summary judgment is appropriate on Plaintiff's failure-to-protect claim because

there is no evidence that either Defendant was or should have been aware of a specific threat to

Plaintiff before he was assaulted on January 22, 2015. Plaintiff admits that he only made written

complaints to the Defendants, Pl.'s Dep. at pp. 77 & 84, and the only record of such a written

complaint was forwarded to the Defendants *after* the alleged assault, Racette Decl., Ex. A at pp. 13

(Feb. 10, 2015) & 14 (Feb. 6, 2015). There is no other evidence that would suggest that the

Defendants were aware of the harassment and threats made by the unidentified corrections officer,

and thus of any risk of serious harm, to Plaintiff. "[I]t is well-established that to defeat a motion for

summary judgment on an Eighth Amendment claim, there must be genuine issues as to whether the

corrections officers were aware that the plaintiff faced a substantial risk of serious danger." *Rigano*

*v. Cty. of Sullivan*, 486 F. Supp. 2d 244, 255 (S.D.N.Y. 2007). The record therefore is insufficient

as a matter of law to establish that either Defendant was deliberately indifferent to a serious risk of

harm to Plaintiff.

For the same reasons, the record is also insufficient to establish the personal involvement of

either Defendant. "[P]ersonal involvement of defendants in alleged constitutional deprivations is

a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.

-7-

1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). A supervisory

official may not be held liable merely because he held a position of authority. *Black v. Coughlin*,

76 F.3d 72, 74 (2d Cir. 1996). Relevant to the Defendants' personal involvement is that the mere

receipt, without personal investigation, of a letter from an inmate is insufficient to establish personal

involvement. *Johnson v. Wright*, 234 F. Supp. 2d 352, 363-64 (S.D.N.Y. 2002) (citing cases). "The

general rule is that if an official receives a letter from an inmate and passes it on to a subordinate for

response or investigation, the official will not be deemed personally involved with respect to the

subject matter of the letter." *Rivera v. Fischer*, 655 F. Supp. 2d 235, 238 (W.D.N.Y. 2009); *see

also Vega v. Artus*, 610 F. Supp. 2d 195, 199 (N.D.N.Y. 2009).

For the foregoing reasons, the Court recommends that Defendants' Motion for Summary

Judgment be **granted**.[4]

## IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 33) be

**GRANTED** and this action **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and

Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[5] days within which to file

---

[4] Because the Court recommends that Defendants' Motion be granted on the merits, it does not address Defendants' alternative argument that Plaintiff's claim should be dismissed due to his failure to exhaust his administrative remedies.

[5] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV.

(continued...)

written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL**

**PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72 & 6(a).


Date:    May 8, 2017
         Albany, New York


_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[5](...continued)
P. 6(a)(1)(C).